# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| TRACY LANGE,<br>    PLAINTIFF,<br><br>v.<br><br>LANDMARK STRATEGY GROUP, LLC<br>and JOHN DOE d/b/a "CS PROCESSING",<br>    DEFENDANTS | Case No. 8:26-cv-1981 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tracy Lange ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against John Doe, which is a company using the fictitious business name of "CS Processing" (hereinafter "CSP"), and Landmark Strategy Group, LLC ("Landmark") (CSP and Landmark collectively referred to as "Defendants") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Florida Consumer Collection Practices Act ("FFCPA") § 392.001, *et seq*.

2. Defendants are subject to the collection laws of the state of Florida because Plaintiff was located in the state of Florida at all times relevant hereto.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

6. Plaintiff is a natural person, who at all relevant times resided in Pinellas County, Florida.

7. Landmark is a New York business operating from West Seneca, NY.

8. Landmark is registered to do business in Florida and can be served via its registered agent in Florida, Registered Agents Inc., at 7901 4th St N Ste 300, St. Petersburg, FL 33702, or wherever it may be found in accordance with New York law, or Florida law or the Federal Rules of Civil Procedure.

9. CSP's identity is unknown and its principal office whereabouts are unknown. CSP uses the fictitious business name of "CS Processing." Co-defendant Landmark hired CSP to communicate directly with Plaintiff. Landmark knows the identity of CSP and it will be revealed in discovery.

## FACTUAL ALLEGATIONS

2

10. 25. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").  Specifically, the account is alleged to be a debt owed or formerly owed to a company using the business name of "Integra Credit" as a result of an alleged pay day loan.  The funds from the alleged loan were used for various personal effects, but not for any business or commercial purpose whatsoever.

11. The account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(1) and constitutes a "consumer debt" as that term is defined by and Fla. Stat. §559.55(1).

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. §559.55(2).

14. After the account went into default, it was purchased by Landmark for the purpose of collecting it and making a profit.

15. Landmark's website (https://thelandmarkcorp.com/about/) (last visited June 16, 2026) states the following:

> Landmark Strategy Group, LLC is a nationally licensed and bonded receivables management firm located in West Seneca, NY that specializes in passively purchasing non-performing credit card, auto deficiency, mortgage loan, revolving or installment loans, and Chapter 13 bankruptcy receivables portfolios. Led by Managing Partner, Mark Lesinski, Landmark's executive team has over seven decades of experience in the ARM industry and has developed efficient and compliant processes that deliver a quick valuation, streamlined purchase, and exceptional customer service after the sale. We outsource collections activities to our vetted network of collection agencies and law firms, ensuring that all consumer interactions and account activities are conducted with the highest levels of compliance and respect.

16. The principal purpose of Landmark is the collection of debts using the mails and telephone and other means.

17. Landmark regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

18. Landmark is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(6).

19. After purchasing the Account, Landmark hired CSP to collect the Account on Landmark's behalf.

20. At all times relevant hereto, CSP used the fictitious business name of CS Processing to communicate with Plaintiff.

4

21. As will be described below, CSP communicated with Plaintiff for the purpose of collecting the Account from her.

22. The principal purpose of CSP is the collection of debts using the mails and telephone and other means.

23. CSP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

24. CSP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(6).

25. As part of its campaign to collect the Account from Plaintiff, CSP and/or representative(s), employee(s) and/or agent(s) of CSP made telephone calls to Plaintiff.

26. In August 2025, CSP sent Plaintiff a text message that stated:

> TRACY LANGE we have important documents pertaining to a claim currently filed and pending. We have now made several attempts to reach you by phone and e-mail regarding documents that may have been delivered to you or scheduled to go out shortly. Please refer to the claim number 2025-66238. The office number is (866) 758-9313

> (emphasis and errors in original.)

27. Also in August 2025, CSP called Plaintiff on the telephone and left her a voicemail that stated:

This message is in [inaudible]. This message is intended for Tracy Lange, claim number 66238. This is Thomas Valinski contacting you regarding an order that was submitted to my office this morning. I need to verify an address to present you with your formal claim at your residence and place of employment. There is a claim against you. At this point you have an opportunity to contact the firm handling the claim to discuss this matter. The firm can be reached at 866-559-9127. Tracy Lange, you have officially been notified.

28. The words CSP's employee used in its communications with Plaintiff caused Plaintiff to believe that she had been or soon would be sued if she did not repay the Account.

29. The words CSP's employee used in its communications with Plaintiff caused Plaintiff to believe that she had been, or soon would be, criminally prosecuted if the Account was not repaid.

30. The least sophisticated consumer would have believed that she had been sued or soon would be sued on the Account and that she had been, or soon would be, criminally prosecuted if the Account was not repaid.

31. CSP intended for Plaintiff to believe that she had been or soon would be sued on the Account despite the fact that CSP knew that Plaintiff had not been sued on the Account and that it had no intention of suing her.

32. CSP intended for Plaintiff to believe that she had been, or soon would be, criminally prosecuted if the Account was not repaid.

33. As of the time the statements by CSP regarding the filing of a lawsuit were

6

made, and as of the filing of this complaint, no lawsuit had been filed against Plaintiff on the Account.

34. CSP knew that CSP and Landmark had no intention of suing Plaintiff on the Account at the time the false statements described above were made.

35. CSP also knew that Plaintiff would never be prosecuted for failing to repay the Account.

36. On information and belief, Landmark has never sued a consumer to recover an allegedly defaulted financial obligation in the State of Florida and has never had a consumer prosecuted for failing to repay a financial obligation.

37. CSP is not a law firm and does not employ lawyers that collect debts.

38. The statements made to Plaintiff by CSP during its campaign to coerce payment on the account as detailed in the above paragraphs were false, deceptive and misleading and misrepresented the account status and the nature of the service rendered by CSP and misrepresented directly or impliedly that CSP was a law firm or acting on behalf of a law firm and that CSP had lawsuit paperwork to serve on Plaintiff.

39. In all of its communications with Plaintiff, CSP failed to inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained would be used for the purpose of debt collection.

40. CSP failed to ever identify its real company name or even an acronym that would aid Plaintiff in identifying with whom she was dealing.

41. CSP never informed Plaintiff of Plaintiff's rights to dispute the debt and/or request validation of the debt as required by 15 U.S.C. § 1692g(a).

42. The purpose for the communication(s) with Plaintiff described above by CSP and Landmark was to attempt to collect the Account.

43. The telephone call(s) described above conveyed information regarding the account directly or indirectly to Plaintiff.

44. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

45. The only reason that CSP and/or representative(s), employee(s) and/or agent(s) of CSP made telephone call(s) to Plaintiff was to attempt to collect the Account.

46. The only reason that CSP and/or representative(s), employee(s) and/or agent(s) of CSP had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

47. The conduct of CSP was done knowingly and willfully and purposefully.

48. On information and belief, Landmark was aware of the illegal collection methods used by CSP and ratified and/or approved those actions in hopes that it would profit from those actions.

49. The collection practices of CSP and Landmark caused Plaintiff to suffer severe fear, severe anxiety, severe stress, sleeplessness, severe mental anguish, mild depression and/or distraction from normal life as well as suffering from unjustified and abusive invasions of personal privacy.

50. The acts of CSP and Landmark go beyond all bounds of decency in a civilized world.

51. As a direct and proximate result of the aforesaid actions, Plaintiff suffered actual damages and seeks recovery pursuant to 15 U.S.C. § 1692k(a) and Fla. Stat. 559.77(2).

## RESPONDEAT SUPERIOR

52. The representative(s) and/or collector(s) at CSP were employee(s) and/or agent(s) of CSP at all times mentioned herein.

53. The representative(s) and/or collector(s) at CSP were acting within the course and/or scope of their employment at all times mentioned herein.

54. The representative(s) and/or collector(s) at CSP were under the direct supervision and/or control of CSP at all times mentioned herein.

55. The actions of the representative(s) and/or collector(s) at CSP are imputed to CSP.

56. CSP acted at all times as an agent of Landmark.

9

57. The actions of the representative(s) and/or collector(s) at CSP are imputed to Landmark.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY LANDMARK STRATEGY GROUP, LLC and JOHN DOE d/b/a "CS PROCESSING"

58. By acting in the manner described in paragraphs 16, 21 and 27-53 above, CSP and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(2)&(6) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692g(a).

59. By influencing and/or controlling and/or ratifying the conduct of CSP, and/or via respondeat superior theory, Landmark is liable for the act(s) and omission(s) of CSP and its respective representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692(d)(2)&(6) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692g(a).

60. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CSP and Landmark.

## COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY LANDMARK STRATEGY GROUP, LLC and JOHN DOE d/b/a "CS PROCESSING"

61. By acting in the manner described in paragraphs 16, 21 and 27-53 above, CSP and its representative(s), employee(s) and/or agent(s) violated Fla Stat. § 559.72(1)&(4)&(9)&(10)&(12).

62. By influencing and/or controlling and/or ratifying the conduct of CSP, and/or via respondeat superior theory, Landmark is liable for the act(s) and omission(s) of CSP and its respective representative(s), employee(s) and/or agent(s) for violations of Fla Stat. § 559.72(1)&(4)&(9)&(10)&(12).

63. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks statutory damages, punitive damages, reasonable attorney's fees and costs from CSP and Landmark.

64. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks an injunction against CSP and Landmark enjoining each from future violations of Fla Stat. § 559.72(1)&(4)&(9)&(10)&(12) as described herein.

## JURY TRIAL DEMAND

65. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

66. Judgment in favor of Plaintiff and against John Doe d/b/a "CS Processing" and Landmark Strategy Group, LLC, jointly and severally, as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

11

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d. Actual damages pursuant to Fla. Stat. § 559.77(2);

e. Statutory damages in the amount of $1,000.00 pursuant to Fla. Stat. § 559.77(2);

f. Punitive damages pursuant to Fla. Stat. § 559.77(2);

g. An injunction permanently enjoining CSP and Rizek and Landmark following trial of this cause from committing acts in violation of the Florida Statutes as cited herein pursuant to Fla. Stat. § 559.77(2);

h. Reasonable attorneys fees and costs pursuant to pursuant to Fla. Stat. § 559.77(2); and

i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Benjamin H. Crumley
Benjamin H. Crumley
Florida Bar Number 18284
CRUMLEY LAW FIRM, P.A.
Post Office Box 6018
Jacksonville FL 32236
Telephone: (904) 359-5544
Facsimile: (904) 485-8422
Email: Ben@cwbfl.com
Attorney for Plaintiff